UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. 2:14-CR-00190-1 |
| | § | |
| PRISCILLA GONZALEZ | § | |

**FINDINGS AND RECOMMENDATION**
**ON PLEA OF GUILTY**

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure.[1] The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On April 24, 2014, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count One (1) of the indictment pursuant to a written plea agreement. The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

    1.    The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

    2.    The defendant was advised that Count One (1) of the indictment charged her with transporting an undocumented alien in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). The defendant was advised that these

---

[1] *See* Special Orders C-2013-02, C-2013-03, C-2013-04, C-2013-05, C-2013-06, V-2013-01, and V-2013-02.

sections of Title 8 make it unlawful for any person knowing of the fact that an alien had come to, entered and remained in the United States in violation of law, to knowingly and intentionally transport or move said alien within the United States in furtherance of such violation by means of a motor vehicle.

3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, and the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4. The defendant was advised that the United States must prove: (1) That an alien had entered or remained in the United States in violation of the law; (2) That the defendant knew the alien was in the United States in violation of law; and (3) That the defendant transported the alien within the United States with intent to further the alien's unlawful presence.

5. The defendant was advised that the maximum possible sentence included a prison term of up to five years plus a maximum fine of up to $250,000, and a period of supervised release of not more than three years, and that any violation of supervised release could result in an additional prison term of up to a maximum of two years.

The defendant also was advised that even if she received the maximum two year sentence for a violation of supervised release, if she had not completed the full term of supervised release, she could be re-released to supervised release, and if revoked again she could receive up to a two year sentence again. The defendant was advised that this could happen multiple times until she had completed serving her term of supervised release.

The defendant also was advised that a mandatory $100 special assessment applied to this felony conviction.

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that she understood and had discussed with her attorney how the guidelines might be calculated in her case and applied to her.

7.      The defendant was advised that her written plea agreement with the United States included a promise that the United States would recommend maximum credit for acceptance of responsibility, a sentence at the lowest end of the applicable guideline range as decided by the District Court and a recommendation that any remaining counts be dismissed at the time of sentencing.  If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1.  The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8.      The defendant was further advised that the plea agreement contained a waiver of her right to appeal and to file any petitions collaterally challenging her conviction.  The defendant stated that she had discussed the appeal waiver with her attorney and she understood that she was knowingly waiving her right to appeal the conviction and sentencing decision of the District Court to a higher court unless the District Court sua sponte departed upward from the applicable guideline range or imposed a sentence that exceeded the maximum sentence, and that she was knowingly waiving her right to file a petition collaterally challenging his conviction.  The defendant further stated that she was asking the District Court to accept the plea agreement with the waiver of her appellate rights.

The defendant stated that she had received a copy of the indictment, she understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty.  The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that she understood that if she did not receive the sentence hoped for, she could not withdraw her plea of guilty.  The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to the offense of transporting undocumented aliens in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), and 1324(a)(1)(B)(ii) as alleged in Count One (1) of the Indictment.  When questioned about the guilty plea, the

defendant admitted that she knowingly transported an undocumented alien within the United States by means of a motor vehicle with the intent to further the alien's unlawful presence. The defendant agreed with the Assistant United States Attorney's version of the facts regarding her conduct and involvement in the case. The defendant was a passenger in a Ford F-150 pick-up truck with her sister and eight undocumented aliens when apprehended by law enforcement after a traffic stop. The defendant admitted to law enforcement and at the plea proceeding to her involvement in knowingly transporting the undocumented aliens and to sharing in the proceeds from this illegal activity.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## **RECOMMENDATION**

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty to Count One (1), and enter a finding that the defendant is guilty of Count One (1) as charged in the indictment.

Respectfully submitted this 24th day of April, 2014.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*